IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALONZO M. JENKINS,   #320083,   ) | Civil Action No. 3:13-146-SB-JRM |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN TIGER RIVER CORRECTIONAL   ) | |
| INSTITUTION,   ) | |
| ) | |
| Respondent.   ) | |
| ) | |

Petitioner, Alonzo M. Jenkins ("Jenkins") is an inmate with the South Carolina Department of Corrections serving a sentence of ten years imprisonment for armed robbery. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 10, 2013.[1] Respondent filed a return and motion for summary judgment on June 19, 2013. Because Jenkins is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on June 20, 2013 explaining to him his responsibility to respond to the motion for summary judgment. Jenkins filed his response to Respondent's motion on July 24, 2013.

**Background and Procedural History**

On the afternoon of January 26, 2008, a retail establishment in Dorchester County was robbed by three men. Initially two men entered the store wearing black gloves. Several minutes later a third man, wearing white gloves, entered. The men wearing the black gloves pulled weapons, and the

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

employee there was bound. The employee got free and called 9-1-1. Based on information obtained from the customer, police went to a neighborhood behind the store. The police stopped Jenkins. A search revealed two cell phones from the store, the white gloves, and $150 in cash. Jenkins was charged with armed robbery and kidnapping. He remained in custody from January 26, 2008 until his case was called for trial on September 9, 2008. Jenkins' accomplices were not identified or apprehended.

Ken Cooper, Esquire, was originally appointed to represent Jenkins. However, in June of 2008, Dorchester County instituted a public defender system, and Mary LeMatty, assistant public defender, assumed representation. (App. 78-79).

The case was called for trial on September 9, 2008. After the jury panel had been qualified, a recess was taken and a plea agreement was reached. Ms. LeMatty attempted to obtain a plea to strong armed (common law) robbery, but her proposal was rejected by the State. The parties agreed to dismiss the kidnapping charge and to a sentence of ten years on the armed robbery charge. The agreement was accepted by the court.

An Anders[2] brief was filed on Jenkins' behalf by the South Carolina Commission on Indigent Defense raising the following issue:

Whether appellant was fully advised of the rights he was waiving?

Pursuant to state procedure, Jenkins filed a *pro se* brief in which he argued that a deficiency in the indictment deprived the trial court of subject matter jurisdiction. The South Carolina Court of Appeals dismissed the appeal on March 4, 2010. (App. 39). The Court of Appeals received a "*Pro Se* Brief" from Jenkins on March 5, 2010. In this pleading Jenkins stated two issues:

---

[2]Anders v. California, 386 U.S. 738 (1967).

>   Whether appealant [sic] was deprived of Constitutional Rights?
>
>   Whether there was factual basis for the appealant [sic] to plea and a valid indictment?

The Court of Appeals construed the *pro se* brief as a petition for rehearing and denied it on April 22, 2010. The Remittitur was returned on May 27, 2010.

Jenkins filed an application for post-conviction relief ("PCR") on April 27, 2010. (App. 40). An evidentiary hearing was convened on September 8, 2010. Jenkins' attorney, Kristin Millonzi, Esquire, requested and was granted a continuance. The evidentiary hearing was held on December 9, 2010. Jenkins and Ms. LeMatty testified. (App. 62). On April 28, 2011, Jenkins filed a *pro se* "Supportive Brief" further discussing the issues raised in the PCR. (App. 86). The PCR court filed an order of dismissal on July 21, 2011. (App. 105).

On August 18, 2011, Jenkins sent a "Motion to Alter or Amend Judgment" pursuant to Rule 59(e), SCRCP, to the South Carolina Supreme Court arguing that the order of dismissal was insufficient. On September 12, 2011, the Clerk of the Supreme Court forwarded the motion to Jenkins' appellant counsel at the South Carolina Commission on Indigent Defense noting that it would take no action on the motion and that it was untimely. Counsel filed a Johnson[3] petition for writ of certiorari, dated July 23, 2012, in the South Carolina Supreme Court raising the following issue:

>   Did the PCR court err in finding that plea counsel provided effective assistance of counsel when Petitioner asserts that he was not provided with a copy of his discovery until thirty minutes prior to his guilty plea thereby hindering Petitioner's ability to enter his guilty plea intelligently?

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

3

By letter of July 24, 2012, the Supreme Court notified Jenkins of his right to raise additional issues through a *pro se* brief. On October 16, 2012, appellate counsel forwarded Jenkins' *pro se* brief to the Supreme Court. The *pro se* brief raised two additional issues:

> Did PCR court err in finding that counsel provided effective assistance of counsel when Petitioner asserts that counsel failed to conduct a[] reasonable investigation to allow Petitioner to make an informed and intelligent decision to accept plea or continue to trial?
>
> Did PCR Court err in dismissing Petitioner's other claims without ruling?

The Supreme Court denied certiorari on October 18, 2012, noting that Jenkins had filed a *pro se* brief. The Remittitur was returned on November 6, 2012.

## **Grounds for Relief**

In his present petition, Jenkins asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One**: Ineffective Assistance of Counsel

> Supporting facts: The factual basis that was submitted by the prosecution at the time of the plea was incomplete and mis-stated the actual facts of the case. Prosecution withheld favorable evidence in its possession of the second victims identity and his statement which based on Deputy Lundburg's Report would have conflicted victim #1's statement. I did not agree with the Facts that was presented as basis of plea. At the time of the plea I did not have a complete understanding of what the state had to prove. Counsel failed to supply full motion of discovery.

**Ground Two**: Unintelligent and Involuntary Plea

> Supporting facts: Plea was unintelligently made because I did not have a full and complete understanding of what the court would have to prove in an armed robbery conviction. I also did not have a copy of my full motion of discovery and did not know that the evidence that was presented at the time of the plea was a misstatement of the true facts of this case. My decision to go forward with plea was not an informed decision of all evidence, facts, and an understanding of statute for Armed Robbery.

**Ground Three**: Subject Matter Jurisdiction

>Supporting facts: At time of plea court exceeded its jurisdiction by going beyond the plain meaning of statute 16-11-330 (A). The statute for armed Robbery Requires that person is armed and the victim is present when any articule is taken. There is no evidence in exsistance that could support the Actus Reas for armed Robbery. The incident Report before the court conflicts the finding of facts used to support this conviction. This is a violation of the due process Clause and the 5th, 6th, 8th, 13th and 14th amendments to the United States Constitution.

**Ground Four**: Due Process Violations

>Supporting facts: Due process was violated when court exceeded its jurisdiction by going Beyond the plain meaning of the Statute for Armed Robbery. Due process was violated when court failed to question into the facts of the case and ask Defendant if he agreed with said facts. Due process was violated when Solicitor used false evidence to secure 3:13-cv-00146-SB-JRM Date Filed 06/19/13 Entry Number 18 Page 6 of 237 conviction and made no effort to correct the False evidence that was presented.

## Discussion

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  The two theories rely on the same rationale.  The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    **1.    Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

>(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that - -

>>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>>    (B)(i)  there is either an absence of available State corrective process; or
>>
>>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 203; Blakeley v. Rabon, 221 S.E.2d 767 (S.C. 1976).

The second avenue is by filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See* S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 215 S.E.2d 883 (S.C. 1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 653 S.E.2d 266 (S.C. 2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim.[4] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2.     Procedural Bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely

---

[4]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. *See* discussion below on procedural bypass.

[5]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice resulting from the alleged constitutional violation."

Smith v. Murray, 477 U.S. at 533, quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)) *overruled on other grounds by* United States v. Barnette, 644 F. 3d 192 (4th Cir. 2011); Teague v. Lane, 489 U.S. 288, 297-98 (1989).

### 4.  Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750; Gray v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. at 488). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or

show interference by state officials. Murray v. Carrier, 477 U.S. at 488-490; Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *id.*, or his sentence. Matthews v. Evatt, 105 F.3d at 916.

### 5.    Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and

11

prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Respondent correctly argues that grounds three and four listed above were never presented to the South Carolina appellate courts. These grounds are, therefore, procedurally barred.

**B. Ineffective Assistance of Counsel/Involuntary Guilty Plea (Grounds One and Two)**[6]

Since Jenkins filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to [the Supreme] Court's clearly established precedent if the state court confronts a set of facts that are materially

---

[6]These grounds were rejected by the PCR court and raised in the Johnson petition and Jenkins' *pro se* brief.

> indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the Supreme] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 406-407. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . [t]he court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

Strickland, 466 U.S. at 694-95. (emphasis added).

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362, 391 (2000) ("Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims....").

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann]." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, *i.e.*, the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Jenkins asserts that his attorney was ineffective because she did not provide him with discovery until the day of his plea[7] and failed to explain the essential elements of armed robbery to him. The PCR court found as fact that counsel discussed the elements of armed robbery with Jenkins and the State's evidence against him which was sufficient to support the charge: *i.e.*, (1) identification by the victim; (2) stolen property in possession of Jenkins; and (3) South Carolina law that Jenkins could have been found guilty of armed robbery even though he was not armed but his accomplices were armed. (App. 109-110). The PCR court further found that during his PCR testimony, Jenkins presented no specific evidence from the discovery which would have supported a viable defense. (App. 110).

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary

---

[7]Jenkins asserts that an incident report in the discovery contradicts the facts recited by the Solicitor at the plea.

15

judgment be **granted**, and the petition be **dismissed** without an evidentiary hearing.

                                    _____
                                    Joseph R. McCrorey
                                    United States Magistrate Judge

Columbia, South Carolina

November 20, 2013

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).