IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

ALONZO M. JENKINS, #320083, )
)
           Petitioner, )
) Civil Action No. 3:13-146-SB
v. )
)
WARDEN TIGER RIVER ) **ORDER**
CORRECTIONAL INSTITUTION, )
)
           Respondent. )
_____)

      This matter is before the Court on Alonzo M. Jenkins' pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

      On June 19, 2013, the Respondent filed a motion for summary judgment, and on June 20, 2013, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of a failure to adequately respond to the motion. The Petitioner filed a response to the Respondent's motion on July 24, 2013.

      On November 21, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court grant the Respondent's motion for summary judgment. Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

      The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 23) and grants the Respondent's motion for summary judgment (Entry 18).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December **27**, 2013
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

2

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2)-(3). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the prisoner's constitutional claims is debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

